**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Ellar, et al., | No. CV-22-01801-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Mesa, | |
| Defendant. | |

Pending before the Court is Defendant City of Mesa's motion to dismiss the complaint for failure to state a claim. (Doc. 9). The motion is fully briefed. (*See* Docs. 28, 32). Also pending before the Court are four unopposed duplicative motions for permission to file with the Court videos depicting the events that form the basis of Plaintiffs' complaint, (Docs. 15; 21; 23; 24), and several other requests for various forms of relief. (Docs. 13; 14; 29; 18; 20; 26; 34).

**I.     BACKGROUND**

Plaintiffs Donna Ellar and Shawn Oaklief, representing themselves, initially filed this case in Arizona state superior court, naming as defendants the City of Mesa, the Mesa Police Department ("MPD"), and MPD Officer Brandon Cyprien. (*See* Doc. 1-4 at 2–3; Doc. 1-2 at 2–3). The initial complaint alleged that "[d]eath threat by Officer Cyprien" had violated A.R.S. § 13-1202, the MPD code of conduct, and 34 U.S.C. § 12601, causing Plaintiffs such injuries as "[c]ynicism and suspiciousness, emotional detachment, reduced efficiency, early retirement, marital and/or other family problems," "Cumulative Post-

Traumatic Stress Disorder," "Vicarious trauma," and "Excessive Use of Force." (Doc. 1-4 at 4–5).

After Defendant removed this case to federal court, Plaintiffs filed an amended complaint which named only the City of Mesa as a defendant and claimed only a violation of 34 U.S.C. § 12601. (Doc. 7 at 2–3). The first amended complaint ("FAC") alleges that Plaintiff Ellar is the mother of Plaintiff Oaklief and that the latter shares a child with non-party E. Thomas. (*Id.* at 10). The FAC further alleges that E. Thomas falsely reported that Plaintiff Oaklief had sent certain emails in violation of a fraudulently obtained protective order. (*Id.* at 11). The FAC alleges that, as a result of this report, Cyprien "accompanied [E.] Thomas and her husband [J.] Thomas" to a residential address in Mesa. (*Id.* at 4, 11). During a discussion between Cyprien and the Thomases at that address, Cyprien "disclosed death threats against the Plaintiffs," and "[d]eath [t]hreats occurred." (*Id.*).

Defendant then filed the pending motion to dismiss for failure to state a claim.

## II.   LEGAL STANDARD

The Federal Rules of Civil procedure "govern the procedure in [most] civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. Federal Rule of Civil Procedure 8(a) requires a complaint to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A defendant can test if a plaintiff has met the requirements of Rule 8(a) by filing a motion to dismiss for "failure to state a claim on which relief can be granted" under Rule 12(b)(6).

To decide a 12(b)(6) motion, a district court mostly focuses on what the plaintiff has written in the complaint. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004 & Supp. 2022). This is because a Court usually cannot consider anything outside the complaint without transforming the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56.[1]

---

[1] *See* Fed. R. Civ. P. 12(d). Courts may also consider materials attached to the complaint, or materials that are referenced in the complaint and foundational to a plaintiff's claim, without converting a motion to dismiss to one for summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Unlike 12(b)(6) motions to dismiss, which only test whether a complaint states a plausible claim for relief, and which do not require a plaintiff to prove claims through documentary evidence, motions for summary judgment test whether there

In deciding whether a complaint will survive a 12(b)(6) motion, a Court does not need to accept a complaint's legal conclusions, but does accept as true all the complaint's factual allegations, i.e., the plaintiff's factual description of what happened. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the Court must interpret the complaint's allegations "in the light most favorable to the plaintiff." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

A complaint will be dismissed for failure to state a claim if it lacks either "a cognizable legal theory[2] or . . . sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To allege sufficient facts under a cognizable legal theory, a complaint must contain factual allegations from which the court can reasonably conclude that the plaintiff is not just *possibly* entitled to relief, but *plausibly* entitled to relief. *See Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

Defendant argues that the complaint fails to state a claim because 34 U.S.C. § 12601 does not provide for a private right of action. (Doc. 9 at 2). Plaintiffs argue to the contrary that "Cognizable Claim is 'Death Threat' caused by Officer Cyprien." (Doc. 28 at 3). The Court will consider whether the complaint alleges sufficient facts under a cognizable legal theory and, if not, whether leave to amend the complaint should be granted.

**a. Sufficiency of the Complaint**

Suits for violation of 34 U.S.C. § 12601 may be brought only by "the Attorney General, for or in the name of the United States." *Id.* § 12601(b); *and see, e.g.*, *Chappel v. Adams Cnty. Children's Servs.*, No. 1:22-cv-747, 2023 WL 2568300, at *2 n.4 (S.D. Ohio Mar. 20, 2023); *Gumber v. Fagundes*, No. 21-cv-03155-JCS, 2021 WL 4311904, at *5 (N.D. Cal. July 3, 2021); *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 Fed. App'x 292,

---

is a real dispute over facts that matter to the outcome of the claim, and "often involve[] the use of pleadings, depositions, answers to interrogatories, and affidavits." 5B Wright & Miller § 1356.

[2] A legal theory is "cognizable" if it is "[c]apable of being judicially tried or examined before a" court. *Cognizable*, *Black's Law Dictionary* (11th ed. 2019).

294 (10th Cir. 2020). Because Plaintiffs are not the United States Attorney General and thus cannot bring this action for or in the name of the United States, they may not sue under this statute, and their claim will be dismissed with prejudice.

It also appears from the reference to "use of excessive force" in the initial complaint and from statements in later filings, (*e.g.*, Doc. 26), that Plaintiffs may have intended to state a claim for deprivation of a federal statutory or constitutional right under 42 U.S.C. § 1983. *Compare Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (citation omitted) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."), *with Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (plaintiff not required to cite § 1983 in complaint to state a claim), *and Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se plaintiffs can "bolster" claims "by making more specific allegations . . . in later filings."). But the complaint also does not state a plausible claim under § 1983.

To establish a claim under § 1983, Plaintiffs must show that the City of Mesa "deprived them of a right secured by the Constitution and acted 'under color of state law.'" *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020) (quoting *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989)). Receiving death threats from a law enforcement officer could conceivably be enough to state a claim under § 1983. *See Grant v. Foye*, 981 F.2d 1258, 1992 WL 371312 at *1–2 (9th Cir. 1992); *Thompson v. Rahr*, 885 F.3d 582, 586–87 (9th Cir. 2018) (citing *Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010); *Robinson v. Solano County*, 278 F.3d 1007, 1015 (9th Cir. 2002)) (holding that pointing a gun at a suspect's head and threatening to kill him is excessive force); *Reusser v. Wachovia Bank*, No. 06-112-HA, 2006 WL 2334844, at *6 (D. Or. Aug. 10, 2006) (citing *McDonald v. Haskins*, 966 F.2d 292 (7th Cir. 1992); *Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998)) (noting that courts "that have upheld claims of excessive force in the absence of physical injury have done so only in particularly egregious cases," such as "where a police officer held a gun to the head of a nine-year-old boy and threatened to pull the trigger during a search of the boy's residence"); *but see Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.

1987) (holding that a "mere naked threat" to "do an act prohibited by the Constitution is [not] equivalent to doing the act itself").

But because the only defendant is a municipality, to state a claim under § 1983 Plaintiffs would also have to allege facts showing that their injuries (if any) were caused by "action pursuant to official municipal policy," including "the decisions of a government's lawmakers, the acts of its policymaking officials, . . . practices so persistent and widespread as to practically have the force of law," or "deliberate indifference" in making a "decision not to train certain employees about their legal duty to avoid violating citizens' rights." *Connick v. Thompson*, 563 U.S. 51, 60–61 (2011).[3] Plaintiffs have alleged nothing in the complaint from which the Court could infer that the "death threat" was "disclosed" by Officer Cyprien as a result of official municipal policy.[4] The Court concludes that, even if Plaintiffs intended to allege a § 1983 claim in the complaint, such a claim must be dismissed.

**b. Leave to Amend**

"In dismissing for failure to state a claim, 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (quoting *Cook, Perkiss, & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990)). Because the complaint contains very little in the way of relevant factual allegations—aside from the "disclosure" and "occurrence" of a death threat which Cyprien "caused"—it is possible that Plaintiffs could cure the deficiencies in the complaint by including in a second amended complaint a clearer and more detailed narrative account of the events and other facts which they believe form the

---

[3] "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62 (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997)).
[4] Additionally, Plaintiffs' attachment to the complaint of letters from an MPD lieutenant suggesting that MPD determined Cyprien's actions to be "a violation of [MPD] Policy," would, if considered to be part of the complaint, tend to undercut the plausibility of Plaintiffs' § 1983 claim against Defendant. (*See* Doc. 7 at 49, 58).

basis of their claims. The Court will therefore grant Plaintiffs leave to file a second amended complaint within 30 days of the date of this order.

### c. Other Pending Motions

As noted, Plaintiffs have filed several other motions. Because the Court has dismissed the complaint, Plaintiffs' motion "to cease and desist City of Mesa malicious prosecution," (Doc. 13), motion "for settlement," (Doc. 14), and motion "to clarify matters regarding malicious prosecutive by City of Mesa court," (Doc. 18), will be denied as moot without prejudice to refiling after Plaintiffs have filed a second amended complaint.

Because the Court has granted leave to amend, Plaintiffs' motion to amend the complaint to add additional defendants, (Doc. 29), and motion "to pursue statute 1983," (Doc. 26), will be denied as moot. As noted, Plaintiffs are free to amend their complaint.

Plaintiffs' motion to transfer a case from Judge Logan of this Court, (Doc. 20), will be denied because the existence of two pending cases is a prerequisite both to transfer under Local Rule of Civil Procedure 42.1(a) and to consolidation under Federal Rule of Civil Procedure 42(a), *Quantum Fluids LLC v. Kleen Concept LLC*, No. CV 20-02287-PHX-DWL, 2022 WL 1984126, at *2 (D. Ariz. June 6, 2022), but the case Plaintiffs seek to transfer is closed, *Oaklief v. Thomas*, No. CV-22-01887-PHX-SPL (D. Ariz. Mar. 3, 2023) (signed Mar. 2, 2023).

Plaintiffs have also filed a request for leave to file a sur-reply relating to Defendant's motion to dismiss. (Doc. 34). The proposed sur-reply contains no arguments which would change the outcome of the motion to dismiss, and the Court will deny the motion.

Lastly, the Court will, to the extent set out below, grant Plaintiffs' unopposed motions seeking to present to the Court videos of the events forming the basis of their claims. (Docs. 15; 21; 23; 24).

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant City of Mesa's motion to dismiss, (Doc. 9), is GRANTED. Plaintiffs' first amended complaint is dismissed. Plaintiffs' claim under 34

U.S.C. § 12601 is dismissed with prejudice. Plaintiffs' claim under 42 U.S.C. § 1983 or any other legal theories based on the set of facts underlying Plaintiffs' complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs are GRANTED leave to amend their first amended complaint. Plaintiffs may, if they choose, file a second amended complaint with 30 days of the date of this order. If plaintiffs do not file a second amended complaint within 30 days, the Clerk of the Court shall enter judgment consistent with this order.

**IT IS FURTHER ORDERED** that Plaintiffs' motions to present videos, (Docs. 15; 21; 23; 24), are GRANTED to the extent that Plaintiffs have leave of court to file the referenced videos in support of their second amended complaint, subject to the procedures outlined in the District of Arizona's Electronic Case Filing Administrative Policies and Procedures Manual.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to transfer (Doc. 20) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend, (Doc. 29), and "motion to pursue statute 1983," (Doc. 26), are DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' motion "to cease and desist City of Mesa malicious prosecution," (Doc. 13), motion "for settlement," (Doc. 14), and motion "to clarify matters regarding malicious prosecutive by City of Mesa court," (Doc. 18), are DENIED as moot without prejudice to refiling after Plaintiffs have filed a second amended complaint.

**IT IS FINALLY ORDERED** that Plaintiffs' motion to file a sur-reply to the motion to dismiss (Doc. 34) is DENIED.

Dated this 21st day of June, 2023.

James A. Teilborg
Senior United States District Judge