**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Ellar, et al., | No. CV-22-01801-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Mesa's ("Defendant") motion to dismiss the complaint for failure to state a claim ("Defendant's Motion"). (Doc. 40). Also pending before the Court is Plaintiffs Donna Ellar and Shawn Oaklief's ("Plaintiffs") motion "to show ongoing retaliation by the City of Mesa," (Doc. 43), Plaintiffs' motion "to show liability," alleging that Defendant City of Mesa's attorney is "stepping outside her boundaries," (Doc. 45), and Plaintiffs' motion "to add attorney Kim Alvarado as additional defendant." (Doc. 47). The Court now rules.

### I. BACKGROUND

Plaintiffs, representing themselves, initially filed their first complaint in Arizona state superior court, naming as defendants the following: City of Mesa, the Mesa Police Department ("MPD"), and MPD Officer Brandon Cyprien. (Doc. 36 at 1).

> The initial complaint alleged that "[d]eath threat by Officer Cyprien" had violated A.R.S. § 13-1202, the MPD code of conduct, and 34 U.S.C. § 12601, causing Plaintiffs such injuries as "[c]ynicism and suspiciousness, emotional detachment, reduced efficiency, early retirement, marital

> and/or other family problems," "Cumulative Post-Traumatic Stress Disorder," "Vicarious trauma," and "Excessive Use of Force."

(Doc. 36 at 1–2). Defendants removed the case to federal court, and Plaintiffs filed an amended complaint, naming only the City of Mesa as a defendant and claiming only a violation of 34 U.S.C. § 12601.

> The first amended complaint ("FAC") alleges that Plaintiff Ellar is the mother of Plaintiff Oaklief and that the latter shares a child with non-party E. Thomas. ([Doc. 7] at 10). The FAC further alleges that E. Thomas falsely reported that Plaintiff Oaklief had sent certain emails in violation of a fraudulently obtained protective order. (*Id.* at 11). The FAC alleges that, as a result of this report, Cyprien "accompanied [E.] Thomas and her husband [J.] Thomas" to a residential address in Mesa. (*Id.* at 4, 11). During a discussion between Cyprien and the Thomases at that address, Cyprien "disclosed death threats against the Plaintiffs," and "[d]eath [t]hreats occurred." (*Id.*).

(Doc. 36 at 2). Defendant filed a motion to dismiss for failure to state a claim, (Doc. 9), which the Court granted, dismissing Plaintiff's § 12601 claim with prejudice but granting Plaintiff leave to amend to state a claim under 42 U.S.C. § 1983 or "any other legal theories based on the set of facts underlying Plaintiffs' complaint." (Doc. 36 at 7).

Plaintiffs filed their second amended complaint ("SAC") on July 11, 2023, naming as defendants the City of Mesa, MPD Officer Bryan Cyprien, and MPD Officer Clint Bertola. (Doc. 39).[1] Plaintiffs claim "blatant abuse" of their constitutional rights under 42 U.S.C. § 1983. (*Id.* at 1). Plaintiffs allege that they were provided a video of Officers Cyprien and Bertola in which Officer Cyprien "directly instructed [non-party individuals] to 'shoot the Plaintiff, Shawn Oaklief' if they saw him, and [one of the individuals] included 'his mom too', (sic) which is Donna Ellar." (Doc. 39 at 2). Plaintiffs further allege that they have suffered various injuries, including the following: sleepless nights, worry, anxiety and stress, and feeling unsafe, among others. (*Id.*).

---

[1] As of this Order, the record does not indicate that Plaintiffs have served the new MPD officer defendants, a task required to be completed by October 9, 2023. For reasons discussed below, the Court nonetheless rules on the pending motions.

- 2 -

Defendant City of Mesa then filed the pending second motion to dismiss for failure to state a claim, (Doc. 40), Plaintiffs filed a response, (Doc. 41), and defendant City of Mesa filed a reply. (Doc. 42).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A defendant can test if a plaintiff has met the requirements of Rule 8(a) by filing a motion to dismiss for "failure to state a claim on which relief can be granted" under Rule 12(b)(6).

To decide a 12(b)(6) motion, the Court generally focuses on what the plaintiff has written in the complaint. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 1357* (3d ed. 2004 & Supp. 2022). This is because a Court usually cannot consider anything outside the complaint without transforming the motion to dismiss into a motion for summary judgment under Federal Rule of Civil Procedure 56. There are two recognized exceptions, however, in which a court may consider evidence otherwise outside of the complaint without converting the motion: (1) evidence that the court has judicially noticed, and (2) evidence incorporated, either literally or by reference, into the plaintiff's complaint. *Lee v. City of L.A.*, 250 F. 3d 668, 688–89 (9th Cir. 2001).

In deciding whether a complaint will survive a 12(b)(6) motion, the Court does not need to accept a complaint's legal conclusions, but it does accept as true all the complaint's factual allegations, i.e., the plaintiff's factual description of what happened. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the Court must interpret the complaint's allegations "in the light most favorable to the plaintiff." *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). However, "the court need not accept as true allegations that contradict facts which may be judicially noticed." *Westlands Water Dist. V. U.S., Dept. of Interior, Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992) (citing *Mullis v. U.S. Bankruptcy Ct.*, 828 F. 2d 1385, 1388 (9th Cir. 1987)). The Court similarly is not required to accept as

true allegations that contradict documents that are incorporated into the complaint. *See Spinedex Physical Therapy USA, Inc. v. United Healthcare of Ariz., Inc.*, 661 F. Supp. 2d 1076, 1083 (D. Ariz. 2009).

A complaint will be dismissed for failure to state a claim if it lacks either "a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To allege sufficient facts under a cognizable legal theory, a complaint must contain factual allegations from which the court can reasonably conclude that the plaintiff is not just possibly entitled to relief, but plausibly entitled to relief. *See Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

#### A. Sufficiency of the Complaint

Defendant City of Mesa argues that the SAC fails to state a claim because (1) Plaintiffs do not identify a constitutional right which Defendants have allegedly violated and (2) Plaintiffs have not pled a sufficient *Monell* claim. (*See generally* Doc. 40).

##### i. Identification of a Constitutional Right

Defendant City of Mesa first argues that Plaintiffs have failed to "identify a cognizable statutory or constitutional right." (Doc. 40 at 2). The Court agrees. Section 1983 "is not itself a source of substantive rights, but is a mechanism for vindicating federal statutory or constitutional rights." *Stilwell v. City of Williams*, 831 F. 3d 1234, 1240 (9th Cir. 2016) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Put differently, a plaintiff cannot sue under just § 1983; a plaintiff must also allege a statutory or constitutional right that has been violated. For this reason alone, Plaintiff's SAC is deficient. However, the Court will consider whether Plaintiff could have successfully pled a statutory or constitutional violation given the facts Plaintiff has alleged.

##### ii. The *Monell* Claim

Defendant City of Mesa next argues that Plaintiffs have failed to plead a meritorious *Monell* claim as against the municipality. The Court agrees. There is no respondeat superior liability—that is, an organization cannot be held liable simply because an employee acted

in the scope of their employment—under § 1983. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F. 2d 675, 681 (9th Cir. 1984). Instead, "a municipality can be found liable under § 1983 only where the municipality *itself* caused the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original). The municipality itself can be found to have caused the violation where the violation occurred "pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure" of the municipality. *Trevino v. Gates*, 99 F. 3d 911, 918 (9th Cir. 1996). Absent a formal policy that violates statute or constitution, liability must be based on a practice of sufficient duration, frequency, and consistency to be considered standard operating procedure. *Id.*

Plaintiffs' SAC alleges that the MPD has an "official municipal policy," and that MPD officers acted "under the above mentioned MPD 'code of conduct.'" (Doc. 39 at 2–3). However, the mere existence of a code of conduct or other official policy does not give rise to a claim under § 1983; a claim arises only if policy itself violates a statute or constitutional provision. Plaintiffs have not identified any specific policies of the MPD that themselves violate some statute or constitutional provision. Thus, Plaintiffs need to show that the MPD has such a longstanding and consistent practice of its officers committing the same constitutional violation that the MPD effectively has a policy of said violation. Here, Plaintiffs have alleged just one violation by two MPD officers. Before even reaching whether the officers' actions constituted a cognizable violation, this Court may dismiss Plaintiffs' claims as against defendant City of Mesa because Plaintiffs have failed to show that defendant City of Mesa *itself caused* the alleged violation.

The Court further finds that even if the officers' actions were "caused" by defendant City of Mesa, the officers' actions do not give rise to a cognizable § 1983 claim. As noted above, Plaintiffs fail to identify a statute or constitutional provision that they believe has been violated. However, for thoroughness, the Court considers—and rejects—two potential violations below.

A "death threat" can constitute excessive force under the Fourth Amendment, (*see*

Doc. 36 at 4–5), but only if the plaintiff has been "seized" for the purposes of the Fourth Amendment's protections against unreasonable searches and seizures. *See Robinson v. Solano Cnty.*, 278 F. 3d 1007, 1009 (9th Cir. 2002). A person is "seized" when their liberty is restrained such that "the person reasonably believes [they are] not free to leave." *Id.* at 1013. The allegations in Plaintiffs' SAC do not give rise to an excessive force claim because Plaintiffs were not in custody, and indeed were not even present at the time the alleged "death threat" was made, so they could not have been "seized" for Fourth Amendment purposes. Thus, Plaintiffs' claim is not cognizable under this theory.

Police "torture or other abuse" can be cognizable under the Fourteenth Amendment, *Tobias v. Arteaga*, 996 F. 3d 571, 584 (9th Cir. 2021) (citation omitted), when an officer engaged in an abuse of power that "shocks the conscience" and "violates the decencies of civilized conduct." *Id.* (quoting *Stoot v. City of Everett*, 582 F. 3d 910, 928 (9th Cir. 2009)). This claim has generally been recognized in the context of coercive and/or abusive interrogations, and physical violence is not required for the claim to be cognizable. *See id.* As to Plaintiffs' SAC, the Court finds that Plaintiffs have not alleged conduct by either officer that rises to the level of "shocking the conscience," particularly when Plaintiffs were not present for the conversation and were not party to any sort of interrogation. Therefore, Plaintiffs' claim is similarly not cognizable under this theory.

**B. Leave to Amend**

Defendant City of Mesa finally argues that the Court should deny Plaintiffs leave to amend their complaint because amendment would be futile. The Court is to "liberally grant[]" leave to amend "where from the underlying facts or circumstances, the plaintiff may be able to state a claim." *McCartin v. Norton*, 674 F. 2d 1317, 1321 (9th Cir. 1982). The Court considers the following factors when determining whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. *Allen v. City of Beverly Hills*, 911 F. 2d 367, 373 (9th Cir. 1990). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute

a valid and sufficient claim." *Banc of Cal., Inc. v. Farmers and Merchants Bank of Long Beach*, No. SACV 16-01601-CJC, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017) (citation omitted).

The Court finds that further leave to amend should not be granted. Plaintiffs have amended their complaint twice, and thus have had ample opportunity to lay out the underlying facts or circumstances under which they may be able to state a claim. Through three iterations of Plaintiffs' complaint, the Court has developed a strong understanding of the events that occurred relevant to Plaintiffs' action. The facts that Plaintiffs have consistently alleged, which are accepted as true—namely, a police officer telling a civilian to "shoot" Plaintiffs, which Plaintiffs discovered through obtaining a video of the conversation well after it occurred—do not give rise to a cognizable claim. In their SAC, Plaintiffs state that they "retain the right to supplement and amend this Complaint to explore allegations confirmed by but not directly elaborated herein," (Doc. 39 at 3), but they fail to state with any specificity what facts they would develop that would change this outcome. *See Kendall v. Visa U.S.A., Inc.*, 518 F. 3d 1042, 1051–52 (9th Cir. 2008) (finding amendment futile when plaintiffs already were granted leave to amend once, their new complaint contained the same defects as the previous, and they "fail[ed] to state what additional facts they would plead if given leave to amend, or what additional discovery they would conduct to discover such facts"). Thus, as amendment would be futile, the Court denies Plaintiffs leave to amend their complaint a third time.

### C. Plaintiffs' Motions

Plaintiffs have filed a motion that informs the court of various alleged injuries that Plaintiffs have suffered in their proceedings in Mesa Municipal Court and/or Maricopa County Superior Court. However, the Court in this federal civil case will not interfere in cases before state and municipal courts. Those courts are part of systems entirely apart from the federal judicial system in which the present case is pending. This Court declines to intervene in the proceedings taking place in other judicial systems. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) (explaining that there is a "longstanding public policy

against federal court interference with state court proceedings"). For this reason—in addition to mootness—the Court denies Plaintiffs' motion "to show ongoing retaliation by the City of Mesa."

Plaintiffs' second pending motion asserts that Defendant City of Mesa's attorney, Ms. Kim Alvarado, has stepped outside of her bounds and made false allegations about Plaintiffs. (*See generally* Doc 45). Plaintiffs attempt to join Ms. Alvarado as an additional defendant without explicit language to that effect.[2] The Court finds that Ms. Alvarado did not make allegations about Plaintiffs, and she did not conduct herself in any improper or vengeful manner. Ms. Alvarado merely accessed public records to address Plaintiffs' previous motion by explaining that the cases to which Plaintiffs refer are being handled in separate court systems and do not bear on the present case in federal court. Thus, the Court also denies Plaintiffs' motion "to show liability."

For the same reasons, the Court finds it appropriate to deny Plaintiffs' motion "to add attorney Kim Alvarado as additional defendant." Plaintiffs argue that Ms. Alvarado "supports" the alleged death threats, violated Plaintiffs' privacy, and "sought to damage the plaintiffs in other matters in deflammation (sic) of character." (Doc. 47 at 1). However, as stated above, the matters Plaintiffs claim are private are, in fact, public proceedings that are widely available. Moreover, Plaintiffs brought the proceedings in question into issue in their motion "to show ongoing retaliation." Finally, attorneys have absolute privilege from civil liability for statements made in the prosecution and defense of claims in court proceedings. *Green Acres Trust v. London*, 688 P. 2d 617, 621 (Ariz. 1984). Thus, Plaintiffs' request to amend their Complaint to add Ms. Alvarado as a defendant is denied because any such amendment would be futile.

### D. New Defendants

The Court also notes that Plaintiffs' SAC adds two new defendants in the MPD officers. The record does not indicate that Plaintiffs have yet served the new defendants.

---

[2] The motion states that Ms. Alvarado "should be held liable and included in this case." (Doc. 45 at 2). Plaintiffs' subsequent motion to add Ms. Alvarado as a defendant confirm this intent.

- 8 -

However, the Court need not wait to rule on defendant City of Mesa's motion to dismiss because the MPD officer defendants are similarly situated to defendant City of Mesa. *Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir.2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

Plaintiffs have alleged the same set of facts pertaining to the new MPD officer defendants, and the Court has already determined that the officers' conduct in this action does not give rise to a constitutional violation. Thus, the Court finds it appropriate to dismiss this action as to the MPD officer defendants as well.

### IV.     CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, (Doc. 40), is **GRANTED** as to all Defendants. Plaintiffs' second amended complaint is dismissed with prejudice. The Clerk of the Court shall enter judgment consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiffs' motions "to show ongoing retaliation by the City of Mesa," (Doc. 43), "to show liability," (Doc. 45), and "to add attorney Kim Alvarado as additional defendant," (Doc. 47), are **DENIED**.

Dated this 5th day of October, 2023.

_____
James A. Teilborg
Senior United States District Judge